IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

   v.                                                                             No. 16-CV-00752-JAP-CG
                                                                                                                                                                         No. 12-CR-000694-JAP

MARTIN MORENO,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Martin Moreno's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody, filed on June 29, 2016. [CV Doc. 1; CR Doc. 113] Defendant contends that his sentence is invalid in light of the United States Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons explained below, Defendant's "second or successive" § 2255 motion will be dismissed for lack of jurisdiction, a certificate of appealability will be denied, and judgment will be entered.

      Defendant was charged in a Second Superseding Indictment with: (1) <u>Count 1</u>—possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) <u>Count 2</u>—possession with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (3) <u>Count 3</u>—possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(D); (4) Count 4—possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (5) Counts 5 - 7—felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [CR Doc. 78]   Defendant and the Government entered into a plea agreement, in which Defendant agreed to plead guilty to all seven counts of the Second Superseding Indictment and the parties stipulated and agreed "pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the sentence in this case shall be incarceration for a period of 180 months." [Doc. 88 at 5]   The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to a total term of 180 months of imprisonment and five years of supervised release.[1] [CR Docs. 88 at 93]   The Court rendered judgment on Defendant's conviction and sentence on November 6, 2013.   [CR Doc. 93]

On November 3, 2014, Defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, alleging ineffective assistance of counsel.   [CR Doc. 96; *see Moreno v. United States*, 14-CV-00997-JAP-GBW, Doc. 1 (D.N.M. November 3, 2014)]   The Court rejected Defendant's ineffective assistance of counsel claims and denied his § 2255 motion.   [CR Docs. 111, 112]

On June 29, 2016, Defendant filed the present § 2255 motion, which seeks sentencing relief pursuant to *Johnson*, 135 S. Ct. 2551.   [CV Doc. 1; CR Doc. 113]   This is Defendant's second § 2255 motion and "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals

---

[1] The Court sentenced Defendant to 120 months of imprisonment on Counts 1, 2, 5, 6, and 7 of the Second Superseding Indictment, said terms to run concurrently.   With respect to Count 3 of the Second Superseding Indictment, the Court sentenced Defendant to 60 months of imprisonment, said term to run concurrently to Counts 1, 2, 5, 6, and 7.   With respect to Count 4 of the Second Superseding Indictment, the Court sentenced Defendant to 60 months imprisonment, said term to run consecutively to all other terms of imprisonment, for a total term of 180 months of imprisonment.   [Doc. 93 at 3] The Court also imposed five years of supervised release as to each of the seven Counts of the Second Superseding Indictment, said terms to run concurrently, for a total term of five years of supervised release.   [Doc. 93 at 4]

for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631." *In re Cline,* 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251. However, "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).

Defendant's § 2255 motion seeks sentencing relief pursuant to *Johnson*, which established a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016); *see also In re Encinias*, 821 F.3d 1224 (10th Cir. 2016) (authorizing a second or successive § 2255 motion seeking sentencing relief pursuant to *Johnson*). Nonetheless, the Court concludes that Defendant's § 2255 motion lacks

3

merit because Defendant plainly is not entitled to relief under *Johnson*.

In *Johnson*, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act (ACCA) violates the due process clause of the United States Constitution. In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years. *See* 18 U.S.C. § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)). The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added). The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563.

In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that the Supreme Court's decision in *Johnson* was applicable to the residual clause definition of a "crime of violence" in the "career offender" provision of the United States Sentencing Guidelines, § 4B1.1. *See* U.S.S.G. § 4B1.2(a)(2) (defining a "crime of violence," in relevant part, as a crime that "otherwise involves conduct that presents a serious

4

potential risk of physical injury to another."). The Court stated that "[t]he concerns about judicial inconsistency that motivated the Court in *Johnson*, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other."[2]

In the present case, Defendant's sentence was not enhanced under the ACCA or under the career-offender provision of the U.S.S.G. Defendant was convicted, however, of a violation of § 924(c) and the Court recognizes that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) is similar to the residual clause definition of a "violent felony" in the ACCA. *Compare* § 924(c)(3)(B), *with* § 924(e)(2)(B). Nonetheless, the Court need not address whether the holding in *Johnson* is applicable to the residual clause definition of a "crime of violence" in § 924(c)(3)(b), because Defendant's § 924(c) conviction was not based on a "crime of violence," but rather on a "drug trafficking crime." [*See* CR Docs. 78, 88, 93] The holding in *Johnson* did not affect the definition of a "drug trafficking crime" in § 924(c)[3] and, therefore, Defendant's § 2255 motion lacks merit. *See United States v. Teague*, No. 16-7056, 2016 WL 4400069, at *1 (10th Cir. August 17, 2016) (recognizing that "[a] portion of the definition of 'crime of violence' contained in 18 U.S.C. § 924(c)(3)(B) is similar to ACCA's residual clause," but nonetheless holding that the defendant's sentence "is unaffected" by *Johnson* because he was "convicted of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)—not a 'crime of violence'") (unpublished); *see also United States v. Pitt*, No. 16-8078, 2017 WL 117119,

---

[2] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G. That question currently is pending before the United States Supreme Court *in Beckles v. United States*, No. 15-854.

[3] *See* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.s.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46").

at *1 (10th Cir. January 12, 2017) (holding that because the defendant's § 924(c) conviction "was based on a 'drug trafficking crime,' not a 'crime of violence,' . . . *Johnson* does not apply") (unpublished).   Accordingly, a transfer to the United States Court of Appeals for the Tenth Circuit is not in the interest of justice and Defendant's second or successive § 2255 motion will be dismissed for lack of jurisdiction.

For the reasons explained above, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Therefore, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody [CV Doc. 1; CR Doc. 113] is DISMISSED; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE